IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: | Bankruptcy No. 05-31885-DOT |
| BARBARA TRIPLETT | CHAPTER 7 |
| Debtor. | |
| BARBARA TRIPLETT, | |
| Plaintiff, | Adversary Proceeding No. 06-03086-DOT |
| v. | |
| ACS/PNC EDUCATIONAL LOAN CENTER, et al., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

This matter came before the Court for trial on November 16, 2006, the Honorable Douglas O. Tice Jr., Chief Judge, presiding. Owaiian M. Jones, Esq., appeared on behalf of the plaintiff, Barbara Triplett; Rand L. Gelber appeared on behalf of the defendant, Educational Credit Management Corporation ("ECMC"); and Robert P. McIntosh, Assistant United States Attorney, appeared on behalf of the defendant, United States Department of Education. Upon consideration of the testimony and exhibits admitted into evidence at trial, the Court enters the following Findings of Fact and Conclusions of Law pursuant to Rule 7052(a) of the Federal Rules of Bankruptcy Procedure.[1] For the reasons stated below, the Court denies a discharge of

---

[1] Any finding of fact more properly characterized as a conclusion of law, and any conclusion of law more properly deemed a finding of fact, should be so construed.

the student loans based on the debtor's failure to establish an undue hardship under 11 U.S.C. § 523(a)(8).

## FINDINGS OF FACT

The debtor is a 46-year-old female with no dependents. She received a General Educational Development (GED) diploma. Her post high school education consists of receiving a certificate as a computer operator. She received additional post-high school, college-level education that did not result in her receiving a degree.

In connection with obtaining her education, the debtor incurred debts for student loans, which she seeks in this matter to have discharged as an undue hardship. As of June 22, 2006, the unpaid balance owed to the Department of Education is $24,283.26. As of October 24, 2006, the unpaid balance owed to ECMC is $9,135.35.

The debtor has worked various jobs over the years, such as a grocery store cashier, restaurant waitress, commercial truck driver, receptionist and work team member for a regional commercial trucking company (Payne Trucking), and assistant store manager for a convenience store. As recently as January 2005, she was self-employed in home cleaning. Her employment with Payne Trucking, from May 1999 through June 2000, required her to perform such tasks as entering fuel purchases into the company computer, processing paper work involving bills of lading, truck driver logs, and receipts for fuel, tolls, and other expenses, as well as duties in handling payroll and dealing with customers. In that position, as with other jobs, she met her employer's expectations. Indeed, she continually was given additional responsibility while at Payne.

Ms. Triplett alleges that she suffers from bi-polar disorder. She states that she was diagnosed with the disorder in 1994, and that she deteriorated to her present condition in about 1998. She maintained gainful employment after 1998 until 2005. She currently supports herself solely on disability income from Social Security. Her monthly payment is $712.00, with which she maintains a minimal standard of living.

No expert testimony or other corroborating evidence was introduced beyond the debtor's personal assessment of her condition. No expert testimony or evidence was submitted to establish the nature of the debtor's alleged disabilities, the extent to which any disabilities may currently prevent her from maintaining employment, or the likely prognosis for the debtor's condition over a substantial portion of the loan repayment period.

The debtor voluntarily resigned from her employment with Payne Trucking in 2000, and subsequently with RaceTrac convenience store. She was not terminated by her employer, and was meeting her employer's expectations at the time she quit. She was working 40 or more hours per week in both jobs at the time she quit, arriving to work on time, and not taking unusual amounts of sick leave.

Since quitting her jobs, she has not made any efforts to find other employment. She has not completed any employment applications, attended any job fairs, consulted any employment services, updated her resume, contacted any potential employers, or made any phone calls. She states that she quit her job with Payne Trucking (as with other jobs) because of her "uncontrollable crying." However, her first-line supervisor with Payne has no recollection of having seen the debtor cry while on the job.

The debtor testified that, since receiving her discharge in bankruptcy, she has not incurred any new debt, and that she has paid all of her bills in full when due.

The debtor made eight monthly payments to the Department of Education, each in the amount of $50.00, beginning on August 5, 2004 and ending on March 7, 2005. No other evidence of additional payments was introduced.

## CONCLUSIONS OF LAW

Student loans are generally non-dischargeable. However, the exception to this rule allows student loans to be discharged when forcing repayment would impose an undue hardship on the debtor. 11 U.S.C. § 523(a)(8). Bankruptcy Code § 523 provides, in relevant part:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
>
> * * * *
>
> (8) for an educational . . . loan made, insured or guaranteed by a governmental unit . . . , unless excepting such debt from discharge under this paragraph will impose an *undue hardship* on the debtor and the debtor's dependents . . . .

11 U.S.C. § 523 (emphasis added).

Because Section 523(a)(8) creates a presumption of nondischargeability, the burden of establishing that student loans are dischargeable falls upon the debtor. United States v. Wood, 925 F.2d 1580, 1583 (7th Cir. 1991). Congress did not define "undue hardship" in the Bankruptcy Code, see Brunner v. New York State Higher Educ. Servs. Corp., 46 B.R. 752, 753 (S.D.N.Y. 1985), aff'd 831 F.2d 395 (2nd Cir. 1987), choosing instead to leave the interpretation of the phrase to the courts. See Kapinos v. Graduate Loan Ctr., 243 B.R. 271, 274 (W.D. Va. 2000). The Fourth Circuit has adopted the three part test set out by the Second Circuit in

Brunner v. New York State Higher Educ. Servs. Corp., 831 F.2d 395, 396 (2nd Cir. 1987), for determining whether an "undue burden" exists within the meaning of § 523.  See  Ekenasi v. Education Resources Institute, 325 F.3d 541, 546 (4th Cir. 2003) (Chapter 13); Educational Credit Management Corporation v. Frushour (In re Frushour), , 433 F.3d 393, 400 (4th Cir. 2005) (Chapter 7).  The Brunner test requires the debtor to prove:

> (1) that [she] cannot maintain a minimal standard of living for [her]self and [her] dependent[ ], based upon [her] current income and expenses, if [she] is required to repay the student loans;
>
> (2) that additional circumstances indicate that [her] inability to so do is likely to exist for a significant portion of the repayment period of the student loans; and
>
> (3) that [she] has made good faith efforts to repay the loans.

Frushour, 433 F.3d at 400 (citing Brunner, 831 F.2d at 396).

The evidence shows that the debtor maintains a minimal standard of living based solely on the monthly Social Security disability income she receives.  She asserts that she would not be able to make payments on her educational loans if she obtained employment.  Regardless of whether her assertion is correct, the debtor has failed to show additional circumstances establishing that any current inability to pay will continue.  The second prong of the Brunner test, that additional circumstances exist indicating that debtor's present inability to repay the student loans is likely to persist for significant portion of loan repayment period, requires a "certainty of hopelessness," rather than simply a present inability to pay.  In re O'Hearn, 339 F.3d 559, 564 (7th Cir. 2003).  See In re Weir, 296 B.R. 710, 716 (Bankr. E.D. Va. 2002) (Undue hardship is not based on a present inability to pay but rather upon a "certainty of hopelessness that future payments cannot be made") (quoting In re Love, 33 B.R. 753, 755 (E.D. Va.1983)).  The "certainty of hopelessness" in making future payments is "based on the

'presence of "unique" or "extraordinary" circumstances which would render it unlikely that the debtor ever would be able to honor his [or her] obligations." In re Malloy, 155 B.R. 940, 945 fn.5 (E.D. Va. 1993) (quoting In re Ballard, 60 B.R. 673, 674-75 (Bankr. W.D. Va. 1986)).

Serious illness is generally recognized "as one of the most frequent bases for demonstrating unique or exceptional circumstances justifying a determination of undue hardship." In re Hoskins, 292 B.R. 883, 887 (Bankr. C.D. Ill. 2003) (citing Brunner); see In re Pace, 288 B.R. 788, 792 (Bankr. S.D. Ohio 2003) ("A significant focus regarding the undue hardship inquiry centers around medical conditions that are so serious, that they impair a debtor's earning capacity for the duration of the repayment period").

The debtor has alleged that she suffers from a mental condition that makes it impossible for her to work. Consequently, in order to find that the second prong of the Brunner standard is satisfied, the Court must determine both that the debtor has a physical or mental condition that actually impairs her ability to work, and that the condition will likely persist for a significant portion of the repayment period of the student loans. In order to make these findings, it is necessary for the Court to have "substantial credible evidence" corroborating the debtor's testimony. Swinney v. Academic Fin. Servs. (In re Swinney ), 266 B.R. 800, 805 (Bankr. N.D. Ohio 2001). Supporting evidence does not necessarily have to consist of extensive expert testimony. Swinney, 266 B.R. at 805. Medical records, for example, may be sufficient. Hoskins, 292 B.R. at 888. However, where a claim for discharge based on undue hardship is based on a student loan debtor's testimony, a court simply cannot make a discharge determination "without some *corroboration of the medical conditions* and *how long they will persist*. . . . The testimony of the Plaintiff alone is not sufficient." Pace, 288 B.R. at 793 (emphasis added).

The debtor failed to meet this prong. No expert testimony or medical records were admitted to corroborate the debtor's assertions. Since there is no evidence to indicate that any disability is sufficiently serious to prevent the debtor from working–the debtor worked for approximately seven years after 1998 (the date she designated as the point her condition deteriorated)–and no evidence to indicate how long any condition will persist, the debtor failed to meet her burden.

In order to be entitled to a hardship discharge under the Brunner standard, the debtor must demonstrate that she has made a good faith effort to repay the loans. This includes a showing of: (1) efforts to maximize the debtor's income; (2) efforts to minimize the debtor's expenses; and (3) attempts to make payments on the loans, or negotiate deferrals, forbearances, or other reasonable, affordable or flexible repayment plans. See In re Lohr, 252 B.R. 84, 88 (Bankr. E.D. Va. 2000). In this case, the debtor has not made efforts to secure employment since 2005, and therefore, has failed to maximize her income. In addition, ECMC presented the Debtor with various repayment options under the William D. Ford Loan Consolidation Program, including the Income Contingent Repayment Plan (ICRP), whose payment is based, in part, upon a borrower's income, and the Debtor declined the program despite an ICRP payment of zero (0.00) per month, based upon her income. Her failure to consider such a program is further evidence of her failure to show good faith under the third prong of Brunner.

CONCLUSION

For the foregoing reasons, the debtor's request for a discharge of her student loans based on undue hardship is denied. Therefore,

IT IS ORDERED that Debtor's Complaint to Determine Dischargeability of Student Loan is hereby DISMISSED.

SIGNED: _____

/s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR., Chief Judge
United States Bankruptcy Court


Copy to:

Owaiian M. Jones
Law Offices of Owaiian M. Jones
Post Office Box 8320
Fredericksburg, VA 22404-8320
*Counsel for Plaintiff*

Barbara Triplett
1417 Franklin Street
Fredericksburg, VA 22401
*Chapter 7 Debtor*

Robert P. McIntosh
U.S. Attorney's Office
600 East Main St., Suite 1800
Richmond, VA 23219

*Counsel for U.S. Department of Education*

Rand L. Gelber
8000 Towers Crescent Dr. Ste. 1350
Vienna, VA 22182
*Counsel for Educational Credit Management Corporation*